See, also, Corporation of Washington v. Webb, at November term, 1834, S. P. (not reported).

WASHINGTON (FRANCE v.). See Case No. 5,028.

WASHINGTON (FRIEND v.). See Case No. 5,121.

WASHINGTON (GIBB v.). See Case No. 5,380.

WASHINGTON (HALL v.). See Case No. 5,953.

WASHINGTON (HALLIHAN v.). See Case No. 5,962.

WASHINGTON (HILL v.). See Case No. 6,501.

WASHINGTON (JENNINGS v.). See Case No. 7,284.

WASHINGTON (JOHNSON v.). See Case No. 7,420.

WASHINGTON (KENNEDY v.). See Case No. 7,708.

## Case No. 17,230.

### WASHINGTON v. LASKY.

[5 Cranch, C. C. 381.] [1]

Circuit Court, District of Columbia. Nov. Term, 1837.

CORPORATION OF WASHINGTON—CHARTER POWERS.

[1] [Reported by Hon. William Cranch, Chief Judge.]

WASHINGTON (LEVY COURT OF WASHINGTON COUNTY v.). See Case No. 8,306.

## Case No. 17,231.

### WASHINGTON v. LYNCH.

[5 Cranch, C. C. 498.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

CORPORATION OF WASHINGTON—CHARTER POWERS—LICENSE ON DOGS—SUFFICIENCY OF WARRANT.

1. The corporation of Washington, under its authority to prevent nuisances, may prohibit the keeping of a dog in the city without a license, and may require money to be paid for the license.

2. A warrant is too vague and uncertain which charges that the defendant "did on or about the 20th of July inst., own, harbor, or keep a female of the dog kind in Washington

[1] [Reported by Hon. William Cranch, Chief Judge.]

City, in the county aforesaid, without having a license therefor, contrary to the act or acts of the mayor, &c. on that subject made and provided."

Appeal from the judgment of a justice of the peace, who non-pros'd the corporation, upon a warrant for a penalty of $20, "for that he, the said John Lynch, did, on or about the 20th of July instant, own, harbor, or keep a female of the dog kind in Washington City, in the county aforesaid, without having a license therefor, contrary to the act or acts of the said mayor, &c., on that subject made and provided." This prosecution is supposed to have been founded upon the by-law of the corporation of Washington, approved April 1, 1820, entitled "An act imposing an annual tax on dogs, and for other purposes, and repealing all other acts on that subject;" by the first section of which it is enacted, "that a tax shall be levied and collected, of one dollar each per annum, on all male animals of the dog kind; and of five dollars each, per annum, on all female animals of the dog kind, to be paid by the owners thereof. respectively, into the hands of the register for the use of the corporation." And by the second section it is enacted. "that it shall be the duty of every person residing in the city of Washington, and owning or possessing any animal of the dog kind, to enter such with the register, on or before the first day of January, annually, and to pay the tax hereby imposed; and it shall be the duty of the register to make regular entries, describing the dog or dogs so entered, and to give a license to such person or persons, on payment of the tax; which license shall authorize him, her, or them, to keep such dog or dogs until the first day of January in the ensuing year; and any person or persons who shall own, possess, harbor. or conceal any animal of the dog kind within the city, and shall fail to pay the tax and obtain the license as aforesaid. shall, for every such neglect or offence. forfeit and pay the sum of five dollars," (not twenty dollars, as stated in the warrant.)

Mr. Carlisle, for appellee. contended that the corporation has no power to tax dogs. because they are not property, as this court has decided in the case of ———— at ————, and as the judge of the criminal court also decided, at the last term of that court in this county. By the charter of 1820, the corporation has power only "to lay and collect taxes upon the real and personal property" within the city. It is true that it has power to "prevent and remove nuisances," but not to license them. Dogs are not in the list of things which, by the charter. the corporation may "license, tax, and regulate." The corporation has no power to require a penalty for not paying the tax; they have only power to lay and collect the tax. But there must be a judgment of conviction before they can recover the penalty, and the conviction must be averred in the warrant to recover the debt.

Mr. Bradley, contra. Under the power to prevent nuisances, the corporation has a right to prevent, or restrain, or regulate the keeping of dogs in the city; for, although the keeping of a single dog may not, of itself, be a nuisance, yet the number kept may altogether amount to a nuisance, to prevent which the corporation may impose upon the keepers such terms and conditions, that few would be disposed to keep them; by which means the nuisance may be prevented, while, at the same time, the corporation may obtain some revenue from the sale of the licenses.

THE COURT (nem. con.) was of opinion, that under the power to prevent nuisances, the corporation had power to limit the number of dogs by requiring the owners to license by payment of a tax. But the warrant being too vague and uncertain, the judgment was affirmed, with costs.

———

WASHINGTON (McCOY v.). See Case No. 8,731.

WASHINGTON (McCUE v.). See Case No. 8,735.

WASHINGTON (McGUNNINGLE v.). See Case No. 8,818.

WASHINGTON (MANDEVILLE v.). See Case No. 9,017.

WASHINGTON, The (MARINERS v.). See Case No. 9,086.

WASHINGTON (OWNER v.). See Case No. 10,635.

WASHINGTON (PANCOST v.). See Case No. 10,706.

WASHINGTON (PATTEN v.). See Case No. 10,813.